**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000614
29-MAR-2018
11:26 AM**

NO. CAAP-17-0000614

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST
2006-HY10 MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-HY10, Plaintiff/Counterclaim-Defendant/Appellee,
v.
RALPH G. KNUDSEN and MARY MICHAELE KNUDSEN,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
JAN R. MEDUSKY and NATALIE WOLZ-FONDA JONES,
AS CO-TRUSTEES OF THE MEDUSKY AND CO., INC.
PROFIT SHARING PLAN, and ASSOCIATION OF APARTMENT
OWNERS OF PAPAKEA, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0384(1))

ORDER GRANTING JANUARY 25, 2018 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-17-0000614 FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Bank of New York Mellon's (Bank of New York Mellon)
January 25, 2018 motion to dismiss appellate court case number
CAAP-17-0000614 for lack of appellate jurisdiction, (2) the lack
of a memorandum by Defendants/Counterclaim-Plaintiffs/Appellants
Ralph G. Knudsen and Mary Michaele Knudsen (the Knudsens) in
opposition to Bank of New York Mellon's January 25, 2018 motion,

and (3) the record, it appears that we lack appellate jurisdiction over the Knudsens' appeal from the Honorable Rhonda I.L. Loo's July 20, 2017 interlocutory order denying the Knudsens' motion for summary judgment in Civil No. 16-1-384(1).

Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

On October 9, 2017, the circuit court clerk filed the record on appeal for appellate court case number CAAP-17-0000614, which does not include an appealable judgment. Rather, the Knudsens seek to appeal from an order denying summary judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the July 20, 2017 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay

doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable judgment, we lack appellate jurisdiction and the Knudsens' appeal is premature.

Therefore, IT IS HEREBY ORDERED that Bank of New York Mellon's January 25, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-17-0000614 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 29, 2018.

Presiding Judge

Associate Judge

Associate Judge

-3-